UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION

| | | |
|---|---|---|
| In re: | : | Case No.: 10-23429 (AMN) |
| ALYSSA S. PETERSON,<br>*Debtor* | :<br>: | Chapter 13 |
| | : | |
| ALYSSA S. PETERSON,<br>*Movant* | :<br>:<br>: | |
| v. | : | |
| WELLS FARGO BANK, N.A.,<br>*Respondent* | :<br>:<br>: | Re: ECF No. 558 |
| ALYSSA S. PETERSON,<br>*Plaintiff* | :<br>:<br>: | Adv. Pro. No. 15-02008 (AMN) |
| v. | : | |
| WELLS FARGO BANK, N.A.,[1]<br>*Defendants* | :<br>: | Re: AP-ECF No. 106 |
| ALYSSA S. PETERSON,<br>*Plaintiff* | :<br>:<br>: | Adv. Pro. No. 17-02081 (AMN) |
| v. | : | |
| MOLLY T. WHITON, FORMER<br>CHAPTER 13 TRUSTEE, ROBERTA<br>NAPOLITANO, CHAPTER 13<br>TRUSTEE, AND WELLS FARGO<br>BANK, N.A.,[2]<br>*Defendants* | :<br>:<br>:<br>:<br>:<br>: | Re: AP-ECF No. 4 |

# MEMORANDUM AND ORDER DENYING
## MOTIONS FOR PRELIMINARY INJUNCTION

---

[1]      Adversary proceeding 15-2008 was commenced against multiple parties, including "Wells Fargo NA Bank," while adversary proceeding 17-2081 was commenced against multiple parties, including "Wells Fargo Home Mortgage, Inc."  Wells Fargo Bank, N.A. is represented by counsel in both adversary proceedings, as well as in the underlying Chapter 13 case.  The parties agree the only relevant entity is Wells Fargo Bank, N.A.

[2]      See footnote 1.

## PARTIES

Debtor in case number 10-23429
Plaintiff in case number 15-2008
Plaintiff in case number 17-2081                    ALYSSA S. PETERSON
                                                    *Pro se*


Respondent in case number 10-23429
Defendant in case number 15-2008
Defendant in case number 17-2081                    WELLS FARGO BANK, N.A.
                                                    Jeffrey M. Knickerbocker
                                                    Bendett & McHugh, P.C.


Chapter 13 Standing Trustee in case number 10-23429
Defendant in case number 17-2081                    ROBERTA NAPOLITANO
                                                    Cristin E. Sheehan
                                                    Morrison Mahoney LLP

---

Before the court is a motion filed by the *pro se* debtor, Alyssa S. Peterson ("Ms. Peterson"), seeking the entry of a preliminary injunction re-imposing the automatic stay after its termination by operation of law pursuant to Fed.R.Civ.P. 65[3] and 11 U.S.C. § 105(a). [4]  The Motion is denied for the reasons that follow.

## I.      RELEVANT PROCEDURAL HISTORY

On August 15, 2017, the creditor, Wells Fargo Bank, N.A. ("Wells Fargo") filed a motion for relief from the automatic stay provided by 11 U.S.C. § 362(a) so that it could proceed to enforce its rights under state law against real property located at 213 Atlantic Avenue, Kure Beach, North Carolina ("Kure Beach property") that is owned in part by Ms.

---

[3]      Fed.R.Civ.P. 65 is made applicable to adversary proceedings pursuant to Fed.R.Bankr.P. 7065.
[4]      Ms. Peterson titled her motion, "Motion For Preliminary Injunction And Motion For Declaratory Judgment And Motion For Set Off," and filed it in the underlying chapter 13 bankruptcy case, 10-23429, as ECF No. 558.  Ms. Peterson filed the identical motion in the adversary proceedings 15-2008 as ECF No. 106 and 17-2081 as ECF No. 4.  As the motions are identical in substance and the relief sought, the court addresses all three motions.

Peterson.  ECF No. 538 ("Stay Relief Motion")[5].  Wells Fargo filed a declaration under penalty of perjury with the Stay Relief Motion that stated that Ms. Peterson failed to make post-petition monthly mortgage payments for the Kure Beach property.  ECF No. 538-2.  Ms. Peterson objected to the Stay Relief Motion and the court heard oral argument and took the matter under advisement on October 4, 2017.  ECF Nos. 541, 553, 554.  Thereafter, on November 3, 2017, Wells Fargo filed a notice of termination of the automatic stay by operation of law pursuant to 11 U.S.C. § 362(e).  ECF No. 557.  On November 13, 2017, Ms. Peterson filed the instant motion for preliminary injunction, declaratory relief, and setoff in the underlying Chapter 13 Case, and in the above-captioned adversary proceedings.  ECF No. 538; 15-2008 AP-ECF No. 106; 17-2081 AP-ECF No. 6.  (collectively, the "Injunction Motion").  Considering Ms. Peterson's *pro se* status, the court construes the Injunction Motion as seeking a preliminary injunction or temporary restraining order.  To the extent that Ms. Peterson seeks a declaratory ruling determining whether the automatic stay terminated by operation of law, the court addresses the termination of the automatic stay below.

## II.   APPLICABLE LAW

Pursuant to § 105(a) of the Bankruptcy Code,[6] "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).  That power is not unlimited and, "in exercising [its] statutory and inherent powers, a bankruptcy court may not contravene specific statutory

---

[5]     Documents filed in Chapter 13 Case number 10-23429 are identified as "ECF No. ___." Documents filed in the adversary proceedings are identified as "15-2008 AP-ECF No. ___" or "17-2081 AP-ECF No. ____."
[6]     The Bankruptcy Code is found in Title 11, United States Code.

provisions." *Law v. Siegel*, 134 S. Ct. 1188, 1194 (2014).  In this case, the provisions of

§ 362(e) confine the exercise of the bankruptcy court's equitable powers.

Fed.R.Civ.P. 65 provides, in relevant part, that a court may issue a preliminary

injunction only on notice to the adverse party.  A court may issue a temporary restraining

order without written or oral notice to the adverse parties or its attorney only if: "(A) specific

facts in an affidavit or a verified complaint clearly show that immediate and irreparable

injury, loss, or damage will result to the movant before the adverse party can be heard in

opposition; and, (B) the [movant] certifies in writing any efforts made to give notice and

the reasons why it should not be required."  Fed.R.Civ.P. 65(b).

The traditional standards for issuance of an injunction pursuant to Fed.R.Civ.P. 65

are made applicable to adversary proceedings pursuant to Fed.R.Bankr.P. 7065.  *See*

*Eastern Air Lines v. Rolleston (In re Ionosphere Clubs, Inc.)*, 111 B.R. 423, 431

(Bankr.S.D.N.Y. 1990).  Moreover, "[t]he standards for a [temporary restraining order] and

a preliminary injunction [] are not materially different."  *See Adelphia Commc'ns Corp. v.*

*The American Channel, et al. (In re Adelphia Commc'ns Corp.)*, No. 02–41729 (REG),

2006 WL 1529357, at *4 (Bankr.S.D.N.Y. June 5, 2006).

The United States Court of Appeals for the Second Circuit has explained that a

party seeking a preliminary injunction must show that either, "[the movant] is likely to

succeed on the merits; that [the movant] is likely to suffer irreparable harm in the absence

of preliminary relief; that the balance of equities tips in [the movant's] favor; and that an

injunction is in the public interest," or alternatively must, "show irreparable harm and either

a likelihood of success on the merits or sufficiently serious questions going to the merits

to make them a fair ground for litigation and a balance of hardships tipping decidedly

4

toward the party requesting the preliminary relief." *Am. Civil Liberties Union v. Clapper*, 785 F.3d 787, 825 (2d Cir. 2015) (internal citations and quotations omitted); *see also Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) ("A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.")(citations omitted).

"Irreparable harm is injury that is neither remote nor speculative, but actual and imminent and that cannot be remedied by an award of monetary damages." *New York ex rel. Schneiderman v. Actavis PLC*, 787 F.3d 638, 660 (2d Cir.), *cert. dismissed sub nom. Allergan PLC v. New York ex. rel. Schneiderman*, 136 S. Ct. 581, 193 L. Ed. 2d 421 (2015). The requirement that a party seeking a preliminary injunction demonstrate that it will suffer irreparable harm in the absence of preliminary relief necessitates more than a mere showing that the party seeking relief will see its relative position deteriorate. *Sanders v. Air Line Pilots Ass'n*, Int'l, 473 F.2d 244, 248 (2d Cir. 1972). Some courts within the Second Circuit have found "that the usual grounds for injunctive relief [under Fed.R.Bankr.P. 7065], such as irreparable injury, need not be shown in a proceeding for an injunction under § 105(a)". *In re Britestarr Homes, Inc.*, 368 B.R. 106, 108 (Bankr.D.Conn. 2007)(*citing In re Adelphia Communications Corp.*, 345 B.R. 69, 85 (Bankr.S.D.N.Y.2006)); *see also*, *LTV Steel Co., Inc. v. Board of Edu. of the Cleveland City School District (In re Chateaugay Corp., Reomar, Inc.)*, 93 B.R. 26, 29 (S.D.N.Y.1988), *appeal dismissed* at 924 F.2d 480 (2d Cir.1991).

A hearing is not necessary, however, when a movant does not make a sufficient showing of irreparable harm. *Dodge v. County of Orange*, 208 F.R.D. 79, 86 (S.D.N.Y.

2002)(citing *SCM Corp. v. Xerox Corp.*, 507 F.2d 358, 360-61 (2d Cir. 1974)). Furthermore, "there is no hard and fast rule in this circuit that oral testimony must be taken on a motion for a preliminary injunction or the court can in no circumstances dispose of the motion on the papers before it." *Hybred International v. Thorne Legal, Inc.*, Docket No. CV-08-4343 (CPS) (KAM), 2008 WL 5068896, at *5, 2008 U.S. Dist. LEXIS 95330, at *12-13 (E.D.N.Y. Nov. 24, 2008)(citing decisions).

## III.   DISCUSSION

Ms. Peterson asks the court to enter an injunction that will protect the Kure Beach property from collection enforcement action by Wells Fargo including foreclosure, arguing in part that she will be immediately and irreparably harmed – perhaps – if injunctive relief is denied. Ms. Peterson's theory rests in part on her assertion and belief that she is entitled to a set-off against the debt she owes to Wells Fargo that is best summarized in the parties' competing motions for summary judgment in Adversary Proceeding Case Number 15-2008.[7] But, Ms. Peterson fails to demonstrate that the harm she fears is, "actual and imminent and . . . cannot be remedied by an award of monetary damages." *New York ex rel. Schneiderman v. Actavis PLC*, 787 F.3d at 660.

The Kure Beach property was protected by the automatic bankruptcy stay from October 2010, when Ms. Peterson started her lengthy chapter 13 case until seven years later, on October 15, 2017, when the stay expired by its own terms when the court did not enter a decision on the Stay Relief Motion. *See* 11 U.S.C. § 362(e)(2)(A). Section 362(e)(2) provides in relevant part:

> [I]n a case under chapter 7, 11, or 13 in which the debtor is an individual, the stay under subsection (a) shall terminate on the date that is 60 days after a request is made by a party in interest under subsection (d), unless—

---

[7]   The court will be issuing a separate ruling respecting the motions for summary judgment.

(A)   a final decision is rendered by the court during the 60-day period beginning on the date of the request; or
(B)   such 60-day period is extended—
    (i)  by agreement of all parties in interest; or
    (ii)  by the court for such specific period of time as the court finds is required for good cause, as described in findings made by the court.
11 U.S.C. § 362(e)(2).

Wells Fargo filed the Stay Relief Motion, ECF No. 538, on August 15, 2017, and the sixtieth day from that date fell on October 14, 2017.   Despite Ms. Peterson's arguments that counsel for Wells Fargo waived the protection set forth in § 362(e)(2)(A), the record of the October 4th hearing does not support this conclusion.   During the hearing, counsel for Wells Fargo specifically requested the court issue a decision that day.   ECF No. 554[8] at 00:35:30-00:35:40.   In light of the request for an immediate decision the court declines to find that Wells Fargo waived, implicitly or expressly, the § 362(e)(A)(2) time period.   Under the facts here, the automatic stay terminated as to the Kure Beach property by operation of law on October 15, 2017.

Ms. Peterson fails to present facts or arguments that justify the extraordinary relief she seeks.   First, the court notes that Ms. Peterson fails to provide any affidavit or a verified complaint that shows immediate and irreparable injury in accordance with Fed.R.Civ.P. 65(b).   On that basis alone, the Injunction Motion should be denied.

Second, the Injunction Motion is devoid of facts supporting a finding that Ms. Peterson will suffer actual, immediate and irreparable harm in the absence of relief.   To the contrary, Ms. Peterson admitted during the October 4th hearing that she has not made a single payment to Wells Fargo on account of the mortgage on the Kure Beach property

---

[8]        The court reviewed the audio file of the hearings using VLC Media Player.  All citations to the audio file of a hearing are to the ECF number of the recording and then to the location of the cited testimony as follows: ECF No. ___ at hours:minutes:seconds.

since 2014, more than three years earlier.   To justify her non-payment, Ms. Peterson

asserts that the Kure Beach property is a subject of both adversary cases but this is not

so.   In both adversary proceedings captioned above, Ms. Peterson seeks damages for

alleged wrongdoing by Wells Fargo and others, but the Kure Beach property itself – its

status, condition, or ownership – is not in issue.   Ms. Peterson vaguely asserts that the

Kure Beach property "must be preserved to possibly facilitate plan completion."  ECF No.

559, P. 3.  This statement is unexplained and in fact the chapter 13 plan in the underlying

chapter 13 case has nothing to do with the Kure Beach property; Ms. Peterson was

supposed to pay the post-petition amounts due to Wells Fargo for the mortgage on the

Kure Beach property outside of the chapter 13 plan.

 To be entitled to an injunction, the movant is required to establish not a mere

possibility of irreparable harm, but that it is "likely to suffer irreparable harm if equitable

relief is denied."  *JSG Trading Corp. v. Tray-Wrap, Inc.*, 917 F.2d 75, 79 (2d Cir.1990).

"Likelihood sets, of course, a higher standard than 'possibility.'"  *Hybred International v.*

*Thorne Legal, Inc.*, Docket No. CV-08-4343 (CPS) (KAM), 2008 WL 5068896, at *5, 2008

U.S. Dist. LEXIS 95330, at *14 (E.D.N.Y. Nov. 24, 2008)(internal citations and quotations

omitted).  In her own words, Ms. Peterson clams only that the Kure Beach property might

have a "possible" effect on her chapter 13 plan.   This falls far short of meeting Ms.

Peterson's burden to show likely irreparable harm.   After consideration of Ms. Peterson's

arguments, the court concludes that she has failed to show an immediate or likely

irreparable injury warranting injunctive relief.

 Additionally, Ms. Peterson failed to show that she is likely to success on the merits

of her claims against Well Fargo.  As stated above, the movant must provide more than

mere allegations.  In her motion, Ms. Peterson states, without support, "debtor expects to receive a setoff due back to the estate for interest."  ECF No. 559, p. 2.  Ms. Peterson's expectation is insufficient as a showing of likely success.  Ms. Peterson also states:

> Debtor is more than certain that witnesses planned for a quick evidentiary hearing will quickly bear out the truthfulness of her claims, in less than one hour … .  Absent that, Plaintiff Debtor is prepared with affidavits from multiple parties to effect summary judgment.
> ECF No. 559, p. 15-16.

Again, Ms. Peterson's unsupported assertions are insufficient.  Ms. Peterson fails to identify who these supposed witnesses are or what facts would be evidenced by their testimony or affidavits.  Instead, as detailed further below, the record already includes Ms. Peterson's admissions that she has not paid the Wells Fargo mortgage in many months. *See*, ECF No. 553 at 00:04:19 - 00:04:26 and ECF No. 554 at 00:05:35 - 00:05:54.  Because Ms. Peterson failed to make any factual showing that she is likely to succeed on the merits of her claims, the court declines to award injunctive relief.

To the extent that Ms. Peterson bases her request for an injunction on the court's authority pursuant to § 105(a), the court finds that the circumstances here do not warrant the exercise of its equitable power.  Wells Fargo requested relief from stay and alleged, among other things, that Ms. Peterson had failed to make post-petition regular monthly mortgage payments.   During the hearing held on October 4, 2017, Ms. Peterson acknowledged that she has not made payments to Wells Fargo.

Court:          When was the last payment made?

Ms. Peterson:  2014, I believe.

ECF No. 553 at 00:04:19 – 00:04:26.

Court:          I take from what you just said is that there has been no payment of money by you or anyone on your behalf to Wells Fargo since

sometime in 2014?

Ms. Peterson: There has been no additional payment.

ECF No. 554 at 00:05:35 – 00:05:54.

The court views the failure to make post-petition payments, especially over the course of years, as sufficient cause under § 362(d)(1) to warrant relief from the automatic stay.  If the court were ruling on Wells Fargo's request for relief on the merits, it would, pursuant to § 362(d)(1), grant the requested relief.  Accordingly, the court finds that any exercise of its authority under §105(a) to re-impose the automatic stay is unwarranted under these circumstances.

As for any request for setoff, the court has considered Ms. Peterson's arguments but finds that the issue of whether and to what extent Ms. Peterson may have a claim for setoff is not properly before it.  As defined in Black's Law Dictionary, setoff is a debtor's right to reduce the amount of a debt by any sum the creditor owes the debtor.  Ms. Peterson's right to assert any setoff claim she may have against Wells Fargo's claim against her based on its mortgage against the Kure Beach property may be sorted out in a proceeding under North Carolina law and in any event is unaffected by this decision. Moreover, the court notes that the question of whether Wells Fargo may owe money to Ms. Peterson as damages for interest incurred by Ms. Peterson to other creditors as a by-product of an overpayment by the Chapter 13 Trustee years earlier in this lengthy case will be addressed in a separate decision.  But the pendency of that issue does not – and should not – affect the effect of § 362(e)(2)(A) on the Stay Relief Motion.

10

## IV.    CONCLUSION

For the foregoing reasons, the court denies Ms. Peterson's request for a preliminary injunction or for other injunctive relief such as a temporary restraining order or an order re-imposing the stay set forth in 11 U.S.C. § 362(a).

Dated on March 2, 2018, at New Haven, Connecticut.

_Ann M. Nevins_
United States Bankruptcy Judge
District of Connecticut