UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION

| | | |
|---|---|---|
| In re: | : | Case No.:  10-23429 (AMN) |
| ALYSSA S. PETERSON, | : | Chapter 13 |
| *Debtor* | : | |
| | : | |
| | : | |
| ALYSSA S. PETERSON, | : | Adv. Pro. No. 17-2081 (AMN) |
| *Plaintiff* | : | |
| v. | : | |
| WELLS FARGO BANK, N.A., | : | |
| MOLLY T. WHITON, FORMER | : | |
| CHAPTER 13 STANDING TRUSTEE | : | |
| *Defendants* | : | |
| | : | Re:  ECF Nos. 6, 13 |

## MEMORANDUM OF DECISION AND ORDER
## <u>DISMISSING COUNTS 5, 6, 7, 8, AND 9 OF THE COMPLAINT</u>

### APPEARANCES

Alyssa S. Peterson                    *Pro Se* Plaintiff
297 Grandview Terrace
Hartford, CT 06114

Christin E. Sheehan, Esq.              Counsel for the Defendant, Molly
Morrison Mahoney, LLP                  T. Whiton, Former Chapter 13
One Consitution Plaza, 10th Floor      Standing Trustee
Hartford, CT 06103

Before the court is a motion filed by the defendant Molly T. Whiton as the former

Chapter 13 Standing Trustee (the "Former Trustee") seeking dismissal of counts five

1

through nine[1] of the adversary proceeding complaint[2] ("AP Complaint") filed by the

debtor-plaintiff, Alyssa S. Peterson ("Ms. Peterson") pursuant to Fed.R.Civ.P. 12(b)(6),

made applicable to this adversary proceeding by Fed.R.Bankr.P. 7012(b).  AP-ECF No.

13.[3]  In the alternative, the Former Trustee seeks summary judgment as to counts five

though nine based upon the doctrine of general release. AP-ECF No. 13.  For the reasons

that follow, the court grants the Former Trustee's motion to dismiss counts five through

nine.  As the court's order granting dismissal is dispositive, the court need not reach the

Former Trustee's motion for summary judgment and that request is moot.


## I.    JURISDICTION

This court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1334(b) and

157(b), and the District Court's Order of referral of bankruptcy matters, dated September

21, 1984.  This adversary proceeding is a core proceeding pursuant to 28 U.S.C. §

157(b)(2)(A).  This adversary proceeding arises under Ms. Peterson's Chapter 13 case

pending in this District; therefore, venue is proper in this District pursuant to 28 U.S.C. §

1409.

---

[1]       Plaintiff Alyssa Peterson also named as defendants Wells Fargo Bank, N.A., Wells Fargo Home
Mortgage, Inc., and the current Chapter 13 Standing Trustee, Roberta Napolitano.  The current Chapter 13
Standing Trustee, Roberta Napolitano and Wells Fargo Home Mortgage, Inc. were removed as defendants
in this action after the pre-trial conference held on January 9, 2018.  *See* Order, AP-ECF No. 20.  On April
6, 2018, the court dismissed counts 1, 2, 3, and 4 of the AP Complaint relating to Wells Fargo Bank, N.A.
*See* Order, AP-ECF No. 29.  The remaining counts - counts 5 through 9 - only name the Former Trustee
and are addressed herein.
[2]       The original adversary proceeding complaint was filed by Ms. Peterson on October 25, 2017.  AP-
ECF No. 1.  On November 21, 2017, Ms. Peterson filed an amended complaint. AP-ECF No. 6.  All
references herein to the AP Complaint pertain to the amended complaint.  AP-ECF No. 6.
[3]       References to docket entries of this adversary proceeding, case number 17-2081 are in the
following format: "AP-ECF No. ___".

## II.    RELEVANT PROCEDURAL HISTORY

### a. Ms. Peterson's Chapter 13 Bankruptcy Case

On October 5, 2010, Ms. Peterson, proceeding *pro se*, filed a voluntary Chapter 13 bankruptcy petition (the "Petition Date").[4]  ECF No. 1.  From the Petition Date through August 31, 2017, Ms. Peterson's Chapter 13 bankruptcy was assigned to the Former Trustee.  Approximately two and a half years after the Petition Date, on March 7, 2013, Ms. Peterson filed her Fifth Amended Chapter 13 Plan ("5th Amended Plan").  ECF No. 245.

### b. Ms. Peterson's Judgment against Hannah Woldeyohannes

A brief background regarding a pre-bankruptcy judgment obtained against a third party, Hannah Woldeyohannes ("Ms. Woldeyohannes") is important to understand Ms. Peterson's 5th Amended Plan and this AP Complaint.  Throughout the AP Complaint, Ms. Peterson references a judgment obtained against Ms. Woldeyohannes and acknowledges her status as a judgment creditor of Ms. Woldeyohannes.  *See* AP Complaint, AP-ECF No. 6, ¶ 12 ("judgment proceeds from a business fraud case"), ¶ 34 ("as a judgment creditors in a Chapter 7 case"), and ¶ 35.  Accordingly, this court takes judicial notice of the documents filed in Ms. Woldeyohannes's Chapter 7 bankruptcy case ("Woldeyohannes Case"), case number 11-20003 and in Ms. Peterson's Chapter 13 bankruptcy case, case number 10-23429.[5]  In January of 2011, Ms. Woldeyohannes filed

---

[4]       Five months after the Petition Date, Ms. Peterson retained Attorney Anthony Novak as counsel. ECF No. 56.

[5]       "[W]here public records that are integral to a [ ] complaint are not attached to it, the court, in considering a Rule 12(b)(6) motion, is permitted to take judicial notice of those records." *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007); *See also Global Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006) ("A court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings.")(*quoting Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A, Inc.*, 146 F.3d 66, 70 (2d Cir. 1998)).

3

a voluntary Chapter 7 bankruptcy petition.  ECF No. 1 in case number 11-20003.  In the

Woldeyohannes Case, Ms. Peterson filed a proof of claim asserting a debt owed by Ms.

Woldeyohannes of $248,117.52.  POC 2-1 in case number 11-20003.  As a basis for her

claim, Ms. Peterson attached a copy of a judgment dated November 13, 2009 obtained

against Ms. Woldeyohannes ("Woldeyohannes Judgment") in an action pending before

the Connecticut Superior Court entitled *Alyssa Peterson v. Hannah Woldeyohannes* and

bearing docket number HHD-CV-04-0834966-S.   POC 2-1, P. 6 of 21.   The

Woldeyohannes Judgment awarded Ms. Peterson damages of $118,500.00.  POC 2-1,

P. 20 of 21.  The Woldeyohannes Judgment was later amended to include an award of

interest, bringing the total award to $195,482.96 as of November 13, 2009.  POC 2-1, P.

5 of 21; *See also* Ms. Peterson' Schedule A, ECF No. 18 in case number 10-23429.  The

Woldeyohannes Judgment also determined that Ms. Woldeyohannes was the sole owner

of a limited liability company named A to Zee, LLC, and prohibited Ms. Woldeyohannes

from assigning her interest in A to Zee, LLC, and/or encumbering the assets owned by A

to Zee, LLC.  POC 2-1, P. 6 of 21.

In May of 2012, the court (Dabrowski, J.), in the Woldeyohannes Case, granted

Ms. Peterson's motion seeking relief from the automatic stay to pursue collection of the

Woldeyohannes Judgment.[6]  ECF Nos. 56 and 61 in case number 11-20003.  Thereafter,

in December of 2012, Ms. Peterson filed an amended motion for relief seeking permission

to pursue collection of the Woldeyohannes Judgment against the assets of A to Zee, LLC.

ECF No. 85 in case number 11-20003.  In her amended motion, Ms. Peterson noted that

---

[6]       The court notes that there is presently no automatic stay in the Woldeyohannes Case because the
case closed on June 26, 2014, and reopening of the case was denied.  *See* ECF Nos. 200 and 204 in case
number 11-20003.  Ms. Woldeyohannes was denied a bankruptcy discharge.  *See* ECF No. 79 in case
number 11-20003.

4

subsequent to the entry of the Woldeyohannes Judgment, she commenced an action entitled *Alyssa Peterson v. Carlton Hume, Hume & Associates, LLC, J. Hanson Guest, Guest & Associates, LLC, A to Zee, LLC, Mussie Russom, Sofia Woldeyohannes, Yodit Woldeyohannes, and Isaias Woldeyohannes*, bearing docket number HHD-CV-11-5035394-S.   *See* ECF No. 85 in case number 11-20003.   As part of this subsequent action, Ms. Peterson obtained an order of prejudgment remedy entitling Ms. Peterson to attach the value of One Hundred Fifty-Two Thousand ($152,000.00) Dollars to the real estate owned by A to Zee, LLC.   ECF No. 85 in case number 11-20003.   The court (Dabrowski, J.) granted Ms. Peterson's amended motion, conditioned as follows:

> ORDERED that the automatic stay of §362(a) is modified pursuant to §362(d) to permit [Ms. Peterson] to pursue recovery of her interests in [Ms. Woldeyohannes's] wholly-owned Connecticut limited liability company known as A to Zee, LLC (hereinafter, "A to Zee"), and any assets of A to Zee, including condominium property and bank accounts held under injunction by order of the Connecticut Superior Court since May 21, 2012; and
>
> IT IS FURTHER ORDERED that so long as [Ms. Peterson's] Chapter 13 case is pending (or if said Chapter 13 case is converted to Chapter 7, so long as the Chapter 7 case remains pending) (i) any compromise or settlement agreement related to [Ms. Peterson's] attempt to recover said assets of A to Zee, shall be subject to approval of this Court upon a Motion to Approve such Settlement or Compromise, following notice and a hearing thereon in Case No. 10-23429, and (ii) any funds or other property recovered as a result of an approved settlement or compromise, or otherwise recovered, shall be immediately turned over to Molly Whiton, Chapter 13 Trustee, or to any successor Chapter 7 trustee should [Ms. Peterson's] Chapter 13 case be converted to Chapter 7, or to such other person as may be designated in writing by the Chapter 13 Trustee or any subsequent Chapter 7 trustee, to be administered as a part of [Ms. Peterson's] bankruptcy estate in Case No. 10-23429.
> ECF No. 91 in case number 11-20003.

This Order was also docketed in Ms. Peterson's main bankruptcy case as ECF No. 215, and is referenced in the AP Complaint as a basis for Ms. Peterson's assertion that the Former Trustee owed a duty to Ms. Peterson.

### c. Ms. Peterson's 5th Amended Plan

In her Chapter 13 bankruptcy case, Ms. Peterson proposed to fund her 5th Amended Plan primarily through proceeds of settlements or the collection of judgments against various third parties.  In particular, the 5th Amended Plan contained the following funding-related provisions:

> In addition to pre-confirmation payments, if any, being held by the Trustee, Alyssa S. Peterson shall pay to the Trustee the sum of $200.00 each month for the duration of the plan.  At confirmation, the Debtor shall make a lump sum payment of $70,155.46 being held in escrow by Attorney Anthony S. Novak which represents the remainder of a $87,500.00 settlement now in escrow received from one defendant in the matter *Peterson v. Connecticut Attorneys Title Insurance Company (CATIC), et al.*, Hartford Superior Court, Docket No. HHD-CV-10-5034546-S, following approval by the Court.
>
> In addition, she will turn over the following assets and/or judgments when received:
> a) Any settlement or judgment arising from other defendant(s) in the same matter, *Peterson v. Connecticut Attorneys Title Insurance Company (CATIC), et al.*, now awaiting decision from the Connecticut Appellate court;
>
> b) Various net rental income as received per a Judgment obtained in the matter *Peterson v. Woldeyohannes*, Hartford Superior Court Docket No. CV-04-0834966-S, wherein Debtor is expected to assume 100% interest in the property of the limited liability company, A to Zee LLC, which property interest is valued to be $120,000.00, and net monthly rental income from which is estimated to be $1,500.00 monthly, and is to be turned over once collected to the Chapter 13 Trustee per Order of the Court (Dabrowski, J.) ECF Doc. 85 dated February 14, 2013 in the Chapter 7 matter, #11-20003, Hannah Woldeyohannes, Debtor;
>
> c) Proceeds of an escrowed bank account (estimated to be $15,000.00), which sum represents escrowed rents from the A to Zee LLC condos when released by the Hartford Superior Court in the matter *Peterson v. Woldeyohannes supra*, and then to the Chapter 13 Trustee per Order of the Court (Dabrowski, J.) ECF. Doc. 85 dated February 14, 2013 in the Chapter 7 matter, #11-20003, Hannah Woldeyohannes, Debtor;
>
> d) The proceeds from a legal malpractice lawsuit estimated to be $70,000.00 or greater in the matter *Woldeyohannes v. Carlton Hume, et al.*, Hartford Superior Court Docket No. CV-12-6028634-S, initiated by the Chapter 7 Trustee, John O'Neil, who is overseeing the bankruptcy estate of

6

#11-20003, Hannah Woldeyohannes, Debtor, wherein the Chapter 13 Debtor Alyssa Peterson is the only Creditor with a claim in excess of $250,000.00 (including post-judgment interest and costs);

e) Proceeds from the matter *Peterson v. Hume et al.*, Hartford Superior Court Docket No. CV-11-5035394-S, in which a malpractice insurance policy plus a real estate asset valued at $135,000.00 have been attached by the Hartford Superior Court by prejudgment remedy on behalf of the Debtor to ensure payment;

f) Proceeds from $60,000.00 in claims from an earlier judgment received in a Hartford Housing Court Matter, SC 7065, Peterson v. Hudson, as well as future judgments to be collected via wage, income tax and/or bank account garnishment in the following Small Claims/Housing Court matters in Bantam Superior Court, wherein any payments collected on the judgments will be turned over to the Chapter 13 Trustee as collected:

> SCC-474780, Peterson v. Smith
> SCC-474781, Peterson v. Pereira
> SCC-474782, Peterson v. Brown
> SCC-474783, Peterson v. Hartwell
> SCC-474784, Peterson v. Brown
> SCC-474785, Peterson v. Larsen
> SCC-474786, Peterson v. Roesing
> SCC-474787, Peterson v. McIntyre
> SCC-474788, Peterson v. Hartwell et al.
> SCC-474789, Peterson v. Wilkinson et al.
> SCC-474790, Peterson v. Kittelsen et al.
> SCC-474791, Peterson v. Duhaime, et al.

g) Proceeds of $3,000.00 or less from Attorney Nilda Negron, to be recovered in the bankruptcy estate of #11-20003, Hannah Woldeyohannes, Debtor, by Chapter 7 Trustee John O'Neill and subsequently turned over to the claimant Alyssa Peterson in said bankruptcy case.

h) Any and all funds received from the foregoing assets or judgments shall be turned over to the Chapter 13 Trustee within thirty (30) days of receipt by the debtor or her counsel. Failure to turn over funds in a timely manner is grounds for this case being dismissed.
ECF No. 245, P. 2-4.

The 5th Amended Plan proposed to pay general unsecured creditors a 100%

dividend without interest.  ECF No. 245, P. 7.  On March 8, 2013, the court confirmed Ms.

Peterson's 5th Amended Plan.  ECF No. 247.

### d.  First Adversary Proceeding against the Former Trustee

On February 18, 2015, Ms. Peterson initiated an adversary proceeding against the

Torrington Tax Collector, the Former Trustee, American Tax Funding and Wells Fargo

Bank, N.A. entitled *Alyssa Peterson v. Town of Torrington*, adversary proceeding case

number 15-2008 ("First Adversary Proceeding").  As to the Former Trustee, Ms. Peterson

alleged that the Former Trustee failed to properly administer the Plan.  AP-ECF No. 1 in

the First Adversary Proceeding.  On May 7, 2015, the Former Trustee filed an amended

answer and affirmative defenses denying all liability.  AP-ECF No. 34 in the First

Adversary Proceeding.  Subsequently, after mediation, Ms. Peterson and the Former

Trustee reached a settlement that included a general release by both parties of all claims

made or that could have been made within the adversary proceeding.  AP-ECF No. 71 in

the First Adversary Proceeding.  On March 10, 2017, this court issued an Order approving

the settlement.  AP-ECF No. 90 in the First Adversary Proceeding.

### e.  Instant Adversary Proceeding against the Former Trustee

A little over seven months after approval of the settlement in the First Adversary

Proceeding, on October 25, 2017, Ms. Peterson commenced the instant adversary

proceeding.[7]  In the AP Complaint, Ms. Peterson claimed that the Former Trustee failed

to pursue collection of – or assist in the collection of - the various judgments and assets

identified in Ms. Peterson's 5th Amended Plan. AP Complaint, AP-ECF No. 6.   In

particular, Ms. Peterson asserted that the Former Trustee failed to intervene in the

Woldeyohannes Case.   Ms. Peterson claimed that the Former Trustee should have

behaved as a Chapter 7 trustee by taking action to collect or uncover assets to satisfy

---

[7]        On November 21, 2017, Ms. Peterson filed an amended complaint – the AP Complaint – which
the court considers the operative complaint. AP-ECF No. 6.

Ms. Peterson's judgment against Woldeyohannes and/or should have exercised authority over Chapter 7 Trustee, John O'Neil, in the Woldeyohannes Case.  AP Complaint, AP-ECF No. 6, ¶¶ 40, 41, 43, 44, 45, 46, 47, 50, 52, 53, 54, 55.  Ms. Peterson alleged that but for the Former Trustee's failure to take action within the Woldeyohannes Case, Ms. Peterson's Chapter 13 estate would have enjoyed a more significant recovery.  AP Complaint, AP-ECF No. 6, ¶¶ 41, 54-55.

In her AP Complaint, Ms. Peterson sets forth five specific claims for relief – Counts Five through Nine - against the Former Trustee.  In Count Five, Ms. Peterson requests that the Former Trustee disclose her bond or liability policy that was in effect during her time as the Chapter 13 Standing Trustee.  AP-ECF No. 6, ¶¶ 56-60.  Count Five also asserts that the Former Trustee failed to act pursuant to 11 U.S.C. §§ 541, 542, and 558, violated 11 U.S.C. §§ 323(a) and 1302(b), and violated Rule 3.1 and 3.3 of the Connecticut Rules of Professional Conduct.  AP-ECF No. 6, ¶¶ 57-59.  Count Six seeks damages resulting from the Former Trustee's alleged negligence in failing to pursue the collection or recovery of assets in the Woldeyohannes Case.  AP-ECF No. 6, ¶¶ 67-69.  In Count Seven, Ms. Peterson seeks an order of the court re-opening the Woldeyohannes Case and appointing Chapter 7 Trustee, John O'Neil, as a receiver to recover undisclosed or unpursued assets.  AP-ECF No. 6, ¶¶ 58-59.  In Count Eight, Ms. Peterson seeks an order granting her a chapter 13 discharge despite the lack of completion of her 5th Amended Plan and an order allowing her creditors to pursue causes of action against the Former Trustee for the Former Trustee's alleged negligence.  AP-ECF No. 6, ¶¶ 57-58.  In Count Nine, Ms. Peterson seeks an order invalidating a lien recorded on the land

records of Hartford, Connecticut by the Law Firm of Patrick W. Boatman.  AP-ECF No. 6, ¶¶ 58-59.

On January 8, 2018, the Former Trustee filed the instant motion seeking, pursuant to Fed.R.Civ.P. 12(b)(6), dismissal of the AP Complaint for failure to state a claim for which relief can be granted ("Motion to Dismiss").  AP-ECF No. 13.  In the Motion to Dismiss, the Former Trustee asserted that Ms. Peterson's AP Complaint should be dismissed because she cannot demonstrate any factual basis to infer that the Former Trustee was negligent or somehow owed, or breached, any duty in any of the ways alleged in the AP Complaint.  AP-ECF No. 13.  The Former Trustee also asserted that Ms. Peterson failed to – and cannot – allege that the Former Trustee had a statutory or legal duty to perform the actions complained of in the AP Complaint.  AP-ECF No. 13.

Ms. Peterson objected to the Motion to Dismiss claiming that the AP Complaint was legally sufficient and properly pled to withstand dismissal.  AP-ECF No. 21.  The Former Trustee filed a reply requesting the court grant the Former Trustee's Motion to Dismiss as Ms. Peterson's objection failed to present any reasons why the case should not be dismissed.  AP-ECF No. 22.

### III.    APPLICABLE LAW

### *Standard for Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(6)*

"To survive a Rule 12(b)(6) motion to dismiss, the complaint must include enough facts to state a claim to relief that is plausible on its face."  *Sherman v. Town of Chester*, 752 F.3d 554, 560 (2d Cir. 2014) (*quoting Wilson v. Dantas*, 764 F.3d 560, 535 (2d Cir. 2014)).  "A claim will have facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Id.* "[O]n a motion to dismiss, courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(*quoting Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court's task at this point is not to weigh evidence or determine whether it is probable that a defendant is liable; but rather, to determine if it is plausible that the plaintiff is entitled to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint merely reciting the elements of a cause of action is insufficient, and the mere possibility, absent more, that the defendant is liable, fails to satisfy the plausibility standard required to survive a motion to dismiss. *Iqbal*, 556 U.S. at 678 ("Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" (*quoting Twombly*, 550 U.S. at 557)). While the court must accept the facts asserted in the complaint as true, the court's review of the complaint is not conducted in a vacuum; this is a "context-specific task that require[s] [the] court to draw on its judicial experience and common sense" in evaluating whether the allegations are plausible. *Harris*, 572 F.3d at 71-72 (*quoting Iqbal*, 566 U.S. at 679).

In considering the dismissal of Ms. Peterson's AP Complaint, the court notes that, "[t]he Second Circuit has repeatedly advised leniency and liberality in construing pleadings filed by pro se litigants." *Young v. Choinski*, 15 F.Supp. 3d 194, 207 (D. Conn. 2014); *see Boykin v. Keycorp*, 521 F.3d 202, 214 (2d Cir. 2008)("A document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully [pled], must be held to less stringent standards than formal pleadings drafted by lawyers")(internal citation omitted); *see also Cruz v. Gomez*, 202 F.3d 593, 597 (2d Cir. 2000)("courts must construe *pro se* pleadings broadly, and interpret them to raise the strongest arguments that they

11

suggest")(internal citation omitted); *Phillips v. Girdich*, 408 F.3d 124, 130 (2d Cir.

2005)("*pro se* litigants . . . cannot be expected to know all of the legal theories on which

they might ultimately recover. It is enough that they allege that they were injured, and that

their allegations can conceivably give rise to a viable claim.").

## IV.    DISCUSSION

### a.  *Count Five*

In Count Five, Ms. Peterson seeks an order compelling the Former Trustee to

disclose any bond or liability policy that was in effect during the Former Trustee's time as

the Chapter 13 Standing Trustee.  AP-ECF No. 6, ¶¶ 56-60.  Ms. Peterson requested this

relief, "for purposes of covering losses to the estate caused by [the Former Trustee]."  AP-

ECF No. 6, ¶ 60.  This request for disclosure of any liability policy fails to state a claim for

relief pursuant to Fed.R.Civ.P. 12(b)(6).  Instead, it appears to be more akin to a discovery

request by Ms. Peterson seeking information as to whether there may be insurance to

pay for any recovery awarded to Ms. Peterson.  Pursuant to Fed.R.Civ.P. 26(a)(1)(A)(iv),

made applicable to this adversary proceeding by Fed.R.Bankr.P. 7026, a party must

provide to the other parties, except as otherwise stipulated or ordered by the court, "any

insurance agreement under which an insurance business may be liable to satisfy all or

part of a possible judgment."  Fed.R.Civ.P. 26(a)(1)(A)(iv).  Here, Count Five seeks the

discovery of information but fails to state a claim for relief.  Accordingly, Count Five will

be dismissed pursuant to Fed.R.Civ.P. 12(b)(6).

Count Five also asserts that the Former Trustee failed to act pursuant to 11 U.S.C.

§§ 541, 542, and 558, violated 11 U.S.C. §§ 323(a) and 1302(b), and violated Rule 3.1

and 3.3 of the Connecticut Rules of Professional Conduct.  AP-ECF No. 6, ¶¶ 57-59.  At

12

the heart of these allegations is Ms. Peterson's assertion -- and erroneous assumption --
that the Former Trustee owed a duty to Ms. Peterson to pursue collection of various
assets of her bankruptcy estate.  None of these provisions impose such a duty.  Section
541 describes what property interests of the debtor will be included in - or excluded from
- the bankruptcy estate.  Section 558 provides that the bankruptcy estate shall have the
benefit of any defense available to the debtor as against any entity other than the estate,
including personal defenses.  5 *Collier on Bankruptcy* ¶ 558.01 (16th).  Neither § 541 nor
§ 558 require a Chapter 13 Trustee to perform any act.

Section 542 provides a trustee with the authority to seek an order compelling an
entity to turn over property of the estate.  11 U.S.C. § 542; 5 *Collier on Bankruptcy* ¶
542.03 (16th).  "By its express terms, § 542(a) is self-executing, and does not require that
the trustee take any action or commence a proceeding or obtain a court order to compel
the turnover."  5 *Collier on Bankruptcy* ¶ 542.03 (16th).  Ms. Peterson's assertion that the
Former Trustee owed a duty under § 542 fails to appreciate that Ms. Peterson, as a
Chapter 13 debtor, retained the power to compel turnover of property of the estate.  One
of the elements of a turnover action is that the property is of the type that the trustee could
use, sell or lease pursuant to § 363 or that the debtor could exempt under § 522.  11
U.S.C. § 542(a); 5 *Collier on Bankruptcy* ¶ 542.03 (16th).  Pursuant to 11 U.S.C. § 1303,
a Chapter 13 debtor, exclusive of the trustee, has the rights and powers of a trustee under
§ 363(b), the subsection that gives a trustee authority to use, sell, or lease property of the
estate.

This court finds persuasive the reasoning of several courts that have found that
"[i]n chapter 13, the debtor, not the trustee, has standing under section 542(a)," based

upon the language of §§ 542 and 1303.   *See In re Denby-Peterson*, 576 B.R. 66, 75
(Bankr. D.N.J. 2017); *see also Gallagher v. Dockery (In re Gallagher)*, Docket No. CC-
13-1368-TaKuPa, 2014 Bankr. LEXIS 1037, at *16 (B.A.P. 9th Cir. Mar. 17, 2014)(holding
the bankruptcy court erred as a matter of law when it granted the Chapter 13 Trustee
turnover rights under § 542); *In re Hall*, 502 B.R. 650, 655 n.6 (Bankr. D.D.C. 2014)("In a
Chapter 13 case, 11 U.S.C. §§ 1303 and 1304 generally confer on a debtor the rights of
a trustee to use, sell, or lease property under 11 U.S.C. § 363 …  These provisions have
been viewed as vesting a debtor with a trustee's rights under § 542(a) to obtain
possession of property that the trustee 'may use, sell, or lease under § 363 . . . .'");
*Dawson v. Thomas (In re Dawson)*, 411 B.R. 1, 29 (Bankr. D.D.C. 2008)(courts have
recognized that the chapter 13 debtor, by virtue of his right to possess and use the
property of the estate, may sue to enforce the turnover obligation under § 542(a));  *Weber
v. SEFCU (In re Weber)*, 719 F.3d 72, 76 (2d Cir. 2013).[8]

Taking the allegations of the complaint as true as this court must, even if Ms.
Woldeyohannes or her wholly owned entity, A to Zee, LLC had property of Ms. Peterson's
estate that could be subject to a turnover proceeding pursuant to § 542, Ms. Peterson
was the one - rather than the Former Trustee - that had the authority to initiate such a
proceeding.  In her objection to the Former Trustee's Motion to Dismiss, Ms. Peterson
failed to identify any authority for the proposition that § 542 imposed an affirmative duty
on the Former Trustee.  Accordingly, the court concludes that as a matter of law, Ms.

---

[8]      The court also notes that Ms. Peterson's argument that § 542 applies fails because the property
described in the AP Complaint is not the sort of property that is the subject of § 542. "The 'property' that is
subject to turnover is … generally understood to mean 'property of the estate,' as defined in § 541."  5
*Collier on Bankruptcy* ¶ 542.03 (16th). Here, Ms. Peterson's interest in the Woldeyohannes Judgment was
property of the estate.  However, the property Ms. Peterson claims the Former Trustee should have sought
turnover pursuant to § 542 were assets that Ms. Woldeyohannes or her entity A to Zee, LLC owned that
Ms. Peterson claimed could be used to satisfy the Woldeyohannes Judgment.  *See* AP Complaint, ¶ 39.

Peterson, in asserting a claim based upon § 542, failed to state a claim for relief pursuant to Fed.R.Civ.P. 12(b)(6).

Ms. Peterson also claims that the Former Trustee violated §§ 323(a) and 1302(b). Section 323(a) provides that the trustee in a case under this title is the representative of the estate.  11 U.S.C. § 323(a).  While § 323(a) makes the trustee the representative of the estate, nothing within § 323 places an affirmative burden upon the trustee to act. "[T]he Bankruptcy Code does not make a trustee the owner of the estate but only its representative."  *Dawson*, 411 B.R. at 21.  In the context of a Chapter 13 case, a Chapter 13 Trustee's duties are outlined in § 1302(b).  These duties include:

> (1) performing the duties specified in §§ 704(a)(2), 704(a)(3), 704(a)(4), 704(a)(5), 704(a)(6), 704(a)(7), and 704(a)(9)[9];
> (2) appear[ing] and be[ing] heard at any hearing that concerns
> > (A) the value of property subject to a lien;
> > (B) confirmation of a plan; or
> > (C) modification of the plan after confirmation;
> (3) dispos[ing] of … moneys received or to be received in a case under chapter XIII of the Bankruptcy Act;
> (4) advi[sing], other than on legal matters, and assist[ing] the debtor in performance under the plan;
> (5) ensur[ing] that the debtor commences making timely payments under § 1326 of this title; and
> (6) if with respect to the debtor there is a claim for a domestic support obligation, provid[ing] the applicable notice.
> 11 U.S.C. § 1302(b).

---

[9]    In turn, § 704(a) imposes the following relevant duties upon a trustee:
§ 704(a)(2)  - the trustee shall be accountable for all property received;
§ 704(a)(3) – the trustee shall ensure that the debtor shall perform his intention as specified in § 521(a)(2)(B) of this title;
§ 704(a)(4) – the trustee shall investigate the financial affairs of the debtor;
§ 704(a)(5) – the trustee shall, if a purpose would be served, examine proofs of claim and object to the allowance of any claim that is improper;
§ 704(a)(6) – the trustee shall, if advisable, oppose the discharge of the debtor;
§ 704(a)(7) – the trustee shall, unless the court orders otherwise, furnish such information concerning the estate and the estate's administration as is requested by a party in interest;
§ 704(a)(9) – the trustee shall make a final report and file a final account of the administration of the estate with the court and with the United States trustee.

What is absent from § 1302(b) is the obligation that a Chapter 13 Trustee perform the duty specified under § 704(a)(1).  Pursuant to § 704(a)(1), a Chapter 7 Trustee "shall collect and reduce to money the property of the estate for which such trustee serves … ."  11 U.S.C. § 704(a)(1).  These actions of collecting and reducing to money are the sort of actions that Ms. Peterson asserts the Former Trustee negligently failed to perform.  Shortly after the Bankruptcy Code was enacted in 1978, Judge Schwartzberg explained in, *In re Ciavarella*, 28 B.R. 823 (Bankr. S.D.N.Y. 1983), that,

> A Chapter 13 case is unlike a reorganization case under Chapter 11 or a liquidation case under Chapter 7 because of the unique nature of Chapter 13, where the debtor is given broad authority and status to effect a rehabilitation. . . . A Chapter 13 trustee is appointed to act in a limited fashion.  He or she serves an administrative function, evaluating proposed plans to ensure their compliance with the statutory provisions prior to recommending any plans for confirmation. The debtor remains in control of the assets.
> *In re Ciavarella*, 28 B.R. 823, 825 (Bankr. S.D.N.Y. 1983).

Ms. Peterson's argument fails to appreciate that as a consequence of this reasoning, she – and not the Former Trustee - retained the authority to collect and reduce to money any judgments in her favor.  The court notes that Ms. Woldeyohannes did not receive a chapter 7 discharge of any debt – including the debt owed to Ms. Peterson.  To this court's knowledge, nothing is prohibiting Ms. Peterson from taking further action in State Court to pursue collection of the Woldeyohannes Judgment.  Accordingly, Count Five of the AP Complaint fails to state a claim for relief on this basis because neither § 323(a), nor § 1302(b), impose on a Chapter 13 Trustee a duty to pursue assets of the estate or reduce judgments in favor of the debtor into money that can be used to fund a chapter 13 plan.

Ms. Peterson also asserts that the Former Trustee violated Rule 3.1 and 3.3 of the Connecticut Rules of Professional Conduct.  Rule 3.1 provides in relevant part, that:

> A lawyer shall not bring or defend a proceeding or assert or controvert an issue therein, unless there is basis in law and fact for doing so that is not frivolous, which includes a good faith argument for an extension, modification or reversal of existing law.
> Rule 3.1 of the Rules of Professional Conduct.

Likewise, Rule 3.3, entitled Candor toward the Tribunal, mandates, in relevant part, that "[a] lawyer shall not knowingly make a false statement of fact or law to a tribunal." Rule 3.3(a)(1) of the Rules of Professional Conduct.  Reviewing the AP Complaint with leniency in favor of Ms. Peterson's *pro se* status, the court, at most, construes the AP Complaint as asserting that the Former Trustee "expressed doubts" about the feasibility of Ms. Peterson's proposed Chapter 13 plans.  AP Complaint, ¶12.  The AP Complaint is devoid of any allegation that the "doubts" expressed by the Former Trustee regarding Ms. Peterson's Chapter 13 plan failed to have a basis in law or fact or were knowingly false. While Ms. Peterson's claims under Rule 3.1 and 3.3 fail to plead a sufficient factual basis, more significantly they fail because, as recently explained by the Connecticut Appellate Court, the Rules of Professional Conduct do not give rise to a cause of action.

> As we previously have recognized, however, the rules governing the professional conduct of attorneys, without more, do not give rise to a cause of action. . . . [A] violation of a Rule should not give rise to a cause of action nor should it create any presumption that a legal duty has been breached. The Rules are designed to provide guidance to lawyers and to provide a structure for regulating conduct through disciplinary agencies.  They are not designed to be a basis for civil liability.
> *CHFA-Small Properties v. Elazazy*, 157 Conn. App. 1, 17, 116 A.3d 814 (2015)(*quoting Doctor's Associates, Inc. v. Windham*, 146 Conn. App. 768, 779-80 (2013)).

As Rules 3.1 and 3.3 furnish no basis for civil liability for the claims advanced by Ms. Peterson, the claims must fail.  Accordingly, Count Five is dismissed in its entirety for the reasons stated herein.

### b. Count Six

Count Six seeks damages resulting from the Former Trustee's alleged negligence in failing to pursue the collection or recovery of assets in the Woldeyohannes Case.  AP-ECF No. 6, ¶¶ 67-69.  Under Connecticut law, "[t]he essential elements of a cause of action in negligence are well established: duty; breach of that duty; causation; and actual injury. . . .  Duty is a legal conclusion about relationships between individuals, made after the fact, and is imperative to a negligence cause of action. . . . Thus, there can be no actionable negligence . . . unless there exists a cognizable duty of care."  *Doe v. Saint Francis Hospital & Medical Center*, 309 Conn. 146, 174 (2013)(*quoting Ryan Transportation, Inc. v. M & G Associates*, 266 Conn. 520, 525 (2003)).   Here, Ms. Peterson's claims in Count Six fail to sufficiently plead that the Former Trustee breached a duty owed to Ms. Peterson.  To the extent that Ms. Peterson in Count Six relies upon §§ 541, 542, 323(a), and 1302(b), or upon Rules 3.1 and 3.3 of the Rules of Professional Conduct, to establish a duty, those claims fail for the same reasons stated above regarding Count Five.

On numerous occasions in the AP Complaint, Ms. Peterson cites to Judge Dabrowski's Order, ECF No. 215, entered on January 17, 2013, granting Ms. Peterson relief from stay to pursue her interests in Ms. Woldeyohannes's wholly-owned limited liability company, A to Zee, LLC.  ECF No. 215, P. 1-2; *See* AP Complaint, AP-ECF No. 6, ¶¶ 34, 36, 40, 41, 22.  Ms. Peterson asserts that this Order imposed a duty upon the Former Trustee to pursue assets in the Woldeyohannes Case.  The court disagrees.  The plain language of the Order shows it authorized Ms. Peterson to pursue collection of assets of A to Zee, LLC and imposed a duty upon Ms. Peterson to 'immediately turn[]

18

over [any funds or other property recovered] to the [Former Trustee]'.   ECF No. 215.

Nothing in the Order imposed a duty upon the Former Trustee to affirmatively pursue or

collect the Woldeyohannes Judgment.

Ms. Peterson's AP Complaint fails to allege any other basis for finding that the

Former Trustee owed Ms. Peterson a duty to pursue assets in the Woldeyohannes Case.

And, while Ms. Peterson pleads that the Former Trustee "breached her duty to the

Chapter 13 estate" or "is personally liable," the court is not required to "'accept as true a

legal conclusion couched as a factual allegation.'"   *In re Terrorist Attacks on Sept. 11,*

*2001*, 714 F.3d 659, 673 (2d Cir. 2013)(*quoting Jazini v. Nissan Motor Co.*, 148 F.3d 181,

185 (2d Cir. 1998)).   In the absence of facts suggesting the Former Trustee was negligent

in her statutory duties or a duty imposed by court order, the court concludes that Count

Six shall be dismissed for failure to state a claim for relief.[10]

### c.  Count Seven

In Count Seven, Ms. Peterson seeks an order of the court re-opening the

Woldeyohannes Case and appointing Chapter 7 Trustee, John O'Neil, as a receiver to

recover undisclosed or unpursued assets.   AP-ECF No. 6, ¶¶ 58-59.   The court dismisses

Count Seven for a number of reasons.   First, the initiation of an adversary proceeding is

not the proper procedural vehicle to seek to re-open a bankruptcy case.   Second, neither

the Chapter 7 debtor, Ms. Woldeyohannes, nor the Chapter 7 Trustee, or any creditors of

Ms.  Woldeyohannes  are  on  notice  of  this  attempt  to  seek  re-opening  of  the

---

[10]      The court also notes that, to the extent that the Former Trustee's conduct stems from her business judgment in performing her statutory duties, such conduct may not form the basis for liability.  *See In re Smith*, 645 F.3d 186, 190 (2d Cir. 2011)("[a] [Chapter 7] bankruptcy trustee is immune from suit for personal liability for acts taken as a matter of business judgment in acting in accordance with statutory or other duty or pursuant to court order."); *See also In re Richmond*, 580 B.R. 617, 625-26 (Bankr. E.D.N.Y. 2017)(dismissing adversary proceeding against Chapter 13 Trustee as Chapter 13 Trustee is immune from suit for personal liability).

Woldeyohannes Case.   Third, and most importantly, Count Seven will be dismissed as

an impermissible attempt to have this court reconsider prior decisions rendered in 2016.

The Woldeyohannes Case was closed on June 26, 2014 after the Chapter 7 Trustee filed

his final account and distribution report.   *See* Docket Entry dated June 26, 2014 and ECF

No. 187 in case number 11-20003.   In November of 2015, Ms. Peterson moved to re-

open the Woldeyohannes Case so that a Chapter 7 Trustee could seek turnover of

settlement funds that allegedly went – improperly - to A to Zee, LLC, recover undisclosed

bank accounts and seek disgorgement of attorney's fees paid to the Law Office of Patrick

Boatman, LLC.   ECF No. 188 in case number 11-20003.   These are the same allegations

that form the basis of this AP Complaint.   After oral argument, the court denied Ms.

Peterson's request to reopen the Woldeyohannes Case.   ECF No. 200 in case number

11-20003.   The court also denied Ms. Peterson's request for reconsideration on the basis

that Ms. Peterson simply sought to re-litigate the same arguments and failed to identify

any change in controlling law, new evidence or a need to prevent manifest injustice

justifying reconsideration.[11]   ECF No. 204 in case number 11-20003.   Ms. Peterson did

not appeal either the denial of the motion to reopen, ECF No. 200, or the denial of the

motion for reconsideration, ECF No. 204.   The court declines to permit Ms. Peterson what

would amount to a 'third bite of the apple' to re-litigate the issue of whether the

Woldeyohannes Case should be re-opened.   Accordingly, Count Seven is denied in its

entirety.

---

[11]      A motion for reconsideration "'is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a "second bite at the apple"....'" *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012), as amended (July 13, 2012)(*quoting Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)).

### d.  Count Eight

In Count Eight, Ms. Peterson seeks an order granting her a chapter 13 discharge despite the lack of completion of her 5th Amended Plan and an order allowing her creditors to pursue causes of action against the Former Trustee for the Former Trustee's alleged negligence.  AP-ECF No. 6, ¶¶10, 57-58.  As with Count Seven, Count Eight should also be dismissed for a number of reasons.  First, to the extent Ms. Peterson is asking the court to grant her a hardship discharge pursuant to § 1328(b), the proper procedure to seek such relief is through a motion filed in her main Chapter 13 bankruptcy case in accordance with Fed.R.Bankr.P. 4007(d) and 9014.  Pursuant to Rule 4007(d), upon the filing of a motion for discharge under § 1328(b), the court shall fix a time for the filing of any complaint to determine dischargeability under § 523(a)(6) and give at least 30 days' notice of that deadline to all creditors.  Fed.R.Bankr.P. 4007(d); *See also* 8 *Collier on Bankruptcy* ¶ 1328.03 (16th).  Here, Ms. Peterson's creditors have no notice that she is seeking a discharge without completing her plan payments.  As the relief sought is not procedurally proper as a count in an adversary proceeding, the court dismisses Count Eight on that basis and without prejudice to Ms. Peterson's ability to file an application for discharge pursuant to § 1328 in her main bankruptcy case.  To the extent that through Count Eight Ms. Peterson seeks an order authorizing her creditors to pursue the Former Trustee for alleged negligence, she fails to identify a legal basis for such relief.  As Ms. Peterson has not proffered a cognizant legal theory on which this relief may be granted, Count Eight is dismissed.

### e. Count Nine

In Count Nine, Ms. Peterson seeks an order invalidating a mortgage lien executed by A to Zee, LLC and recorded on the land records of Hartford, Connecticut by the Law Firm of Patrick W. Boatman.  AP-ECF No. 6, ¶¶ 58-59, Exhibit J.  Ms. Peterson asserts the mortgage lien should be invalidated because the Woldeyohannes Judgment prohibited Ms. Woldeyohannes from encumbering any assets of A to Zee, LLC and because the Former Trustee was negligent.  For the reasons stated above relating to Count Five, Ms. Peterson has failed to sufficiently plead that the Former Trustee owed Ms. Peterson a duty that was breached.  On that basis, any relief under Count Nine as to the Former Trustee is dismissed.

Additionally, to the extent that Ms. Peterson alleges that Ms. Woldeyohannes violated the Woldeyohannes Judgment, Ms. Woldeyohannes is not a defendant[12] in this adversary proceeding and, more importantly, such a claim is better addressed by the State Court that rendered the Woldeyohannes Judgment.  Ms. Peterson, as noted above, retained control over the assets of her bankruptcy estate, including the right to seek a remedy for an alleged violation of the Woldeyohannes Judgment from the State Court. The court concludes that Ms. Peterson has failed to state a claim for which relief can be granted against the Former Trustee, and accordingly, Count Nine is dismissed.

### V.    CONCLUSION

In conclusion, after consideration of the arguments presented by the Former Trustee and Ms. Peterson, the court concludes that for the reasons stated herein, including Ms. Peterson's failure to state a claim upon which relief can be granted,

---

[12]    The court also notes that Ms. Peterson also did not name the Law Offices of Patrick Boatman or A to Zee, LLC in this adversary proceeding.

dismissal of counts five through nine of Ms. Peterson's AP Complaint is warranted.  The court has considered all other arguments presented by Ms. Peterson and finds them unpersuasive.

**NOW THEREFORE**, it is hereby

**ORDERED**, that the Former Trustee's motion to dismiss, ECF No. 13, is GRANTED and counts five through nine of Ms. Peterson's complaint are dismissed.

Dated on April 19, 2018, at New Haven, Connecticut.

*Ann M. Nevins*
United States Bankruptcy Judge
District of Connecticut